IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,432-06






EX PARTE VANCE EDWARD JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1031454 IN THE 184TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. Johnson v.
State, No. 01-07-00461-CR (Tex. App.-Houston [1st Dist.] May 14, 2009) (unpublished). 

 One of Applicant's numerous allegations is that his trial counsel rendered ineffective
assistance. He alleges, inter alia, that counsel did not investigate a potential alibi, did not properly
preserve the error that at least two jurors saw him in restraints during the trial, did not interview an
eye-witness to the robbery, Ms. Penick, who failed to pick Applicant out of the line-up, and did not
object to the State's use of extraneous offense evidence during closing arguments.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make specific findings as to whether counsel investigated Applicant's
possible alibi, whether counsel investigated jurors seeing Applicant in restraints during trial, whether
counsel interviewed the named State's witness, and whether the State referred to an extraneous
offense during closing argument and if so, whether counsel objected. The trial court shall make
findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 11, 2012

Do not publish